# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Greg Jacobi, derivatively on behalf of EchoStar Corporation, | |
| Plaintiffs | 2:12-cv-02075-JAD-GWF |
| v. | **Order Granting Motion to Re-Tax Costs** |
| Charles W. Ergen, et al., | [ECF No. 69] |
| Defendants | |

Defendants move to re-tax the Clerk's cost award, arguing that their costs for transcript printing and computerized legal research are recoverable under Nevada law. Because this is a diversity action and Nevada's law requiring reimbursement for these costs is substantive in nature, I grant defendants' motion, re-tax costs, and award defendants $9,915.75 in costs against plaintiffs.[1]

## Discussion

On March 17, 2016, I granted defendants' motion to dismiss this shareholder-derivative suit for failure to file a pre-suit demand or sufficiently plead demand futility.[2] Defendants then filed a bill of costs claiming $9,932.57 in costs ($9.70 in transcript costs, $9,906.05 in research fees, and $16.82 in telephone costs) of which the Clerk awarded only $16.82 in telephone costs.[3] The Clerk's memorandum explains that, absent a prior stipulation or court order, the Clerk cannot tax the costs of transcripts of court proceedings and that legal-research fees are not allowed under the Federal Rules of Civil Procedure or this district's local rules.[4]

Defendants move to re-tax the transcript and legal-research costs. As the Clerk's

---

[1] I find this motion suitable for disposition without oral argument. LR 78-1.

[2] ECF No. 57.

[3] ECF No. 67 (Costs Taxed); ECF No. 68 (Clerk's Memorandum Regarding Taxation of Costs).

[4] ECF No. 68 at 2.

memorandum notes, these costs are not recoverable under federal law or this district's local rules.[5] Defendants maintain that, because this is a diversity action, Nevada's substantive law applies to the defendants' award of costs, and these costs are recoverable under NRS § 18.020.

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."[6] An award of costs in federal district court is thus normally governed by FRCP 54(d), even in diversity cases.[7] Consistent with these principles, the Ninth Circuit panel in *Aceves v. Allstate Insurance Company* held that federal law controls the reimbursement of expert witnesses in diversity cases[8] "[b]ecause reimbursement of expert witness fees is an issue of trial procedure" rather than a substantive rule.[9] Eight years later in *Clausen v. M/V New Carissa*, a Ninth Circuit panel distinguished *Aceves* and held that the Oregon Oil Spill Act's damages provision—which allowed for the recovery of costs—trumped the federal cost provision, finding that the right to damages that accrued to prevailing plaintiffs under the state Oil Spill Act was substantive in nature and therefore controlled.[10]

Under NRS § 18.020 the prevailing party in any action seeking more than $2,500 in damages is entitled to recover any "reasonable and necessary expenses incurred in connection with the action, including reasonable and necessary expenses for computerized services for legal research"[11] as a matter of right.[12] The award is mandatory, though courts retain discretion to determine the

---

[5] L.R. 54-3.

[6] *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie RR Co. v. Thompkins*, 304 U.S. 64 (1938)).

[7] *Champion v. Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1021 (9th Cir. 2003) (internal citation omitted).

[8] *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1068 (9th Cir. 1995).

[9] *Id.* at 1167–68.

[10] *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1065 (9th Cir. 2003).

[11] Nev. Rev. Stat. § 18.005 (defining "costs" under § 18.020).

[12] *Coker Equipment Co., Inc. v. Wittig*, 366 Fed.Appx. 729, 733 (9th Cir. 2010).

reasonableness of the amounts and the costs to be awarded.[13]  Because this is an express statutory mandate, I find that reimbursement under NRS §18.005 is a substantive right and therefore controls over FRCP 54(d) here.[14]  I also find that defendants' requested costs of $ 9,915.75 ($9.70 in transcript costs and $9,906.05 in computerized legal-research fees) is reasonable and adequately proven by defendants' supporting documentation showing that these costs were itemized and billed to defendants for work on this case.[15]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendants' motion to re-tax costs **[ECF No. 69] is GRANTED.**

The Clerk of Court is directed to re-tax $ 9,915.75 against plaintiffs.

Dated this 21st day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] *Schwartz v. Estate of Greenspun*, 881 P.2d 638, 643 (Nev. 1994).

[14] *Coker Equipment Co.*, 366 Fed.Appx. at 733 (reversing award of costs under NRS § 18.020 and remanding for explanation of why particular costs sought were not awarded); *Shaw v. CitiMortgage, Inc.*, 2016 WL 6562046, *1 (D. Nev. Nov. 3, 2016) (awarding costs under NRS § 18.020); *Rolon v. Catholic Healthcare West*, 2013 WL 2476169, *1 (D. Nev. June 7, 2013) (same); *In re USA Commercial Mortg. Co.*, 802 F. Supp. 2d 1147, *1184–85 (D. Nev. 2011) (same).

[15] ECF No. 59.